**In re MAYNARD.**

**No. 4721.**

District Court, D. Idaho, Central Division.

Sept. 2, 1936.

Cox & Ware, of Lewiston, Idaho, for bankrupt.

Edward C. Butler, of Lewiston, Idaho, for creditor Robert J. Gill.

CAVANAH, District Judge.

This case concerns the constitutionality of the amended Frazier-Lemke Act, Bankr. Act, § 75 (11 U.S.C.A. § 203), as applied to its facts. Robert J. Gill moved to dismiss the petition of the debtor who seeks relief under subsection (s) of the amended act (11 U.S.C.A. § 203 (s) on the ground that it is a violation of the Fifth Amendment of the Constitution of the United States, in that it deprives him of property rights without due process of law. The creditor urges that the amended act takes from him without compensation valuable rights in the property involved and gives them to the debtor, and that the substitute remedy granted to the debtor by the amended act impairs the existing remedy which

the creditor had and thereby deprives him of his substantial rights.

A history of the transaction and the proceeding becomes necessary in order to determine whether the amended act is constitutional and applies to the facts in the present case. In October, 1928, the debtor, a farmer, agreed to purchase from Robert J. Gill a large tract of land and certain personal property for $30,875 to be paid in installments. A balance of $7,254.82 remains due and unpaid on the principal and interest. Two extensions were made as to the payment of the then remaining installments, and the time of payment under them has expired. At the time of the execution of the contract of purchase, there was a mortgage on the premises of $7,812.33, payable to the Federal Land Bank of Spokane, which was assumed by the debtor as part of the purchase price. The debtor has paid to the creditor on the price, $15,807.85 plus $3,166.24 interest between the date of the purchase on October 20, 1928, and the year 1934. Default was made by the debtor for the balance of $7,254.82 which was then due. The debtor was to pay all taxes levied after the year 1928, and, when the full purchase price was paid the creditor was to assign to the debtor certain stock in the Federal Land Bank of Spokane in the sum of $420, which was held in connection with the bank's loan. The debtor took immediate possession of the premises and has ever since farmed and retained the proceeds derived from it.

The Bank of Camas Prairie was made escrow holder of the papers executed. It was agreed that time shall be of the essence of the agreement, and, upon the debtor failing to make payment when coming due, the creditor, upon his option and upon sixty days' notice to the debtor requiring him so to do, may declare the contract forfeited and terminated and all payments made shall be retained by the creditor in full satisfaction of all damages by him sustained, and he is given the right to re-enter and take possession of the premises. On October 21, 1934, the creditor and the bank gave notice to the debtor of default, demand for possession of the premises, and demand for performance of the contract after failure to pay the balance of $7,354.82, with interest at 6 per cent. from October 20, 1933.

The debtor is asserting relief in his petition under the amended Frazier-Lemke Act in bankruptcy proceeding and not under

the Moratorium Act of the state Legislature of Idaho (Laws 1935, c. 36), although he urges that the state act granting a moratorium should be applied. He, after filing his petition under section 75 of the Bankruptcy Act, as amended by the Act of June 28, 1934, 48 Stat. 1289, failed to reach agreement with his creditors for any composition or extension of his indebtedness, and then filed his amended petition invoking the remedies of subsection (s) of section 75, 11 U.S. C.A. § 203 (s).

With this statement of the transaction and proceedings we approach the consideration of the issue as to whether the remedy granted by the amended act violates the Fifth Amendment to the Constitution. It will be recalled that the original Frazier-Lemke Act has been held a violation of the Fifth Amendment by this and the Supreme Court in the Matter of Robert J. Clark, debtor, May 10, 1935, unreported, and Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 865, 79 L.Ed. 1593, 97 A.L.R. 1106, which were actions relating to the foreclosure of mortgages. These two decisions considered the rights of the mortgagor and mortgagee under the state statutes and the Fifth Amendment. The state statutes there provided for decree of foreclosure in the suit by the mortgagee and public sale, confirmation, and deed, and the sale under the Kentucky statute was subject to a stay of nine months if the mortgagor so requests. The Supreme Court had under consideration in that case the rights of the mortgagee and the mortgagor under the Kentucky statute, and held that the mortgagee had the following rights:

"(1) The right to retain the lien until the indebtedness thereby secured is paid.

"(2) The right to realize upon the security by a judicial public sale.

"(3) The right to determine when such sale shall be held, subject only to the discretion of the court.

"(4) The right to protect its interest in the property by bidding at such sale whenever held, and thus to assure having the mortgaged property devoted primarily to the satisfaction of the debt, either through receipt of the proceeds of a fair competitive sale or by taking the property itself.

"(5) The right to control meanwhile the property during the period of default, subject only to the discretion of the court, and to have the rents and profits collected by a receiver for the satisfaction of the debt."

We are then confronted with the inquiry, When, in applying the decisions of this and the Supreme Court, is there any qualification as expressing the rights secured to the mortgagee in Kentucky and Idaho and the rights of a vendor under contract of sale of real property, where default on the part of the vendee appears? There would appear to be none after considering the status of the parties at the time of the bankruptcy, as the provisions of the contract of sale and section 54-212, I.C.A., grants to the vendor the right of re-entry after default has occurred on the part of the vendee and to maintain an action for possession. The statute provides: *"Action for Real Property—Notice Unnecessary.*—An action for the possession of real property, leased or granted, with a right of reentry, may be maintained at any time, in the district court, after the right to reenter has accrued, without notice." Such an action for the possession of the premises is now pending in the state District Court. No time of redemption is granted by the statute in such a proceeding, and, when a decree of re-entry is granted, the vendor is entitled to the issuance of an execution and placed in the immediate possession of the premises. No equity of redemption appears under this statute. Whether the debtor would have an interest in the premises under the contract and statute after forfeiture is declared, it seems clear that he would not. The title to the premises remains in the vendor until the terms of the contract are complied with by the vendee, and the vendee's failure to do so entitles the vendor to the forfeiture, decree, and execution placing him in immediate possession. He is denied that right under the Frazier-Lemke Act. The situation here is analogous to foreclosure of a mortgage, the only difference being, in a foreclosure proceeding the mortgagor is given a definite period of time within which to redeem the premises, while under the statute of re-entry the vendee is given immediate possession after execution is issued. So under the amended Frazier-Lemke Act, if applied here, vendor's right to a judicial proceeding to have determined his right of re-entry to the premises, title to which remains in him, and when it shall occur, is denied to him, and all proceedings against the vendee are stayed for an arbitrary period of three years, subject to the debtor, at his option, who "may shorten the period by paying into court the amount of the appraisal, less any amounts paid on principal. If this option is exercised, then the provision for a reap-

praisement at the request of secured or unsecured creditors or the debtor, and a purchase by the debtor at the reappraised value, may be invoked, or the provision for a sale at the request of a secured creditor may be resorted to. It may reasonably be said that the stay is for a period of three years, subject to being shortened by the mortgagor at his uncontrolled discretion." United States National Bank of Omaha v. Pamp (C.C.A.) 83 F.(2d) 493, 499. The purpose of the amendment is to accomplish this stay, and therefore runs counter to the holding of the Supreme Court in the case of Louisville Joint Stock Land Bank v. Radford, supra, in which Justice Brandeis so forcibly stated: "For the Fifth Amendment commands that, however great the nation's need, private property shall not be thus taken even for a wholly public use without just compensation. If the public interest requires, and permits, the taking of property of individual mortgagees in order to relieve the necessities of individual mortgagors, resort must be had to proceedings by eminent domain; so that, through taxation, the burden of the relief afforded in the public interest may be borne by the public."

In several respects the amendment shares the infirmities of the original act and violates the Fifth Amendment because it takes from the vendor Gill valuable rights in the premises without compensation and does not overcome the objections asserted in the Louisville Joint Stock Land Bank Case here discussed. This conclusion is reached in, In re Lowmon (C.C.A.7) 79 F.(2d) 887; United States National Bank of Omaha v. Pamp (C.C.A.8) supra; In re Sherman et al. (D.C.Va.) 12 F.Supp. 297; In re Young (D.C.Ill.) 12 F.Supp. 30; In re Lindsay (D.C.Iowa) 12 F.Supp. 625; In re Davis (D.C.N.Y.) 13 F.Supp. 221; In re Tschoepe (D.C.Tex.) 13 F.Supp. 371; In re Schoenleber (D.C.Neb.) 13 F.Supp. 375; In re Diller (D.C.Cal.) 13 F.Supp. 249, and answers in no uncertain terms the debtor's argument that the amended act overcomes the objections made by the Supreme Court in the Louisville Joint Stock Land Bank Case.

■ While we recognize the broad powers of Congress concerning bankruptcies, yet it must not be so exercised as to contravene the due process clause of the Fifth Amendment as is done by the amended Frazier-Lemke Act.

■ The argument is pressed by the debtor that the moratorium statute of the state of Idaho as to mortgages should be considered and applied in the present case, and that the court should by so doing, take into consideration an emergency existing. It will be remembered that this is a proceeding brought in the bankruptcy court under the amended Frazier-Lemke Act, a national act, and the remedy there provided is the one invoked and not the remedy provided in the State Moratorium Act relating to the foreclosure of mortgages, or relating to the sale of property under contract.

Attention is called to the decision of this court when the recent Moratorium Act of the state was considered in the case of Alliance Trust Company v. Hall (D.C.) 11 F.Supp. 668, wherein the court held the act constitutional under the decision of the Supreme Court in Home Building & Loan Association v. Blaisdell, 290 U.S. 398, 54 S. Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481. It appears in the Alliance Trust Case the action was brought in this court to foreclose a mortgage and the mortgagor pleaded the state moratorium statute as a defense. The proceedings in that case are different from the present one, as we had there the consideration of the defense made under the moratorium state statute in the foreclosure of a mortgage, while here we have the first consideration as to the constitutionality of the amended Frazier-Lemke Act under which the debtor invokes the remedy therein provided and of an arbitrary stay of a period of three years which the court now views in the light of the purpose of the amended act and its effect upon the rights of the vendor, which are fixed under the state law, to contravene the Fifth Amendment.

In the Home Building & Loan Association Case the Supreme Court merely held that the state has a right to lodge in its courts a discretion to extend the period of redemption. There is quite a difference in that saying than to say that Congress has the right under its bankruptcy power to either extend the redemption period of. the state or extinguish it entirely and provide for a new redemption period.

It is clear from an analysis of subsection (s), as amended, that, when the debtor fails to secure a conciliation and compromise, he may be adjudged a bankrupt, his property is then appraised at its then fair and reasonable value, his exemptions set aside to him, and he retains possession of all the property. When this is done, the court must stay all proceedings against the debtor or his property for three years. The

possession of the property remains in the debtor, provided he pays semiannually a reasonable rental, the first payment of which is not due until one year from the date of the order staying proceedings. The rental is to be used, for the payment of taxes and upkeep of the property, and the remainder, if any, is to be distributed among secured and unsecured creditors. The court may in its discretion require payment on the principal due, not inconsistent with the protection of the rights of creditors and the debtor's ability to pay.

At the end of the three-year period, or prior thereto, the debtor may in his discretion pay the appraised amount, including the exemptions or encumbrances, less the amounts he had paid on the principal, and then, upon the request of the debtor or creditor, the court is required to order a reappraisal of the property, and the debtor shall then pay into court the value so fixed, less payments he has made, and, when that is done, the court is required to turn over full possession and title of the property to the debtor clear of all encumbrances. Should the debtor fail to comply with the orders of the court or section 75, or unable to finance himself within the three-year period, the court may appoint a trustee, and the property is sold as provided in the Bankruptcy Act. It seems clear that, upon failure of the debtor to obtain the acceptance of a majority in number and amount of the creditors to his proposal of extension or composition, the creditor is stopped from realizing upon his claim, and all proceedings against the debtor are subjected to a stay of an arbitrary period of three years. By such a proceeding the creditor is deprived of a right, in that he is deprived of the right under the state law to proceed with his right of action under section 54-212. There is no assurance that the first year's rental to be paid by the debtor will be paid, as no security is required, and he may possess and use the property for that period without paying just compensation therefor. Then, if one look to the operation of the amended act and apply it to the situation of the vendor and vendee in the present case, it is plain that it takes the property of the vendor and permits the vendee to use it for an arbitrary period of three years, subject only to being shortened by the vendee at his uncontrolled discretion and to use the property during such period without paying therefor. Under such circumstances it would hardly be thought a correct contention that the Fifth Amendment did not give

to each owner of property his individual right to use it at all times, and all acts of Congress effecting such property right in the light of its manifest purpose to give effect to the constitutional guaranty and applied in harmony with the purpose of the Constitution, that private property shall not be taken for either public or private use without just compensation, should meet that constitutional guaranty.

In view of the conclusion thus reached that the amended Frazier-Lemke Act is unconstitutional, the motion of Robert J. Gill to dismiss the present proceedings as far as they effect the property covered by the contract in question and the action he has commenced in the state court for possession of the property is sustained.