**COMMONWEALTH of Kentucky, DEPART-
MENT OF PUBLIC SAFETY, Appellant,**

**v.**

**Alfred ROBINSON, Jr., Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Mary Jo Arterberry, Dept. of Public
Safety, Frankfort, for appellant.

Eldon L. Webb, Ashland, for appellee.

MONTGOMERY, Chief Justice.

The Department of Public Safety appeals
from a judgment in which "it is permanent-
ly enjoined from canceling or suspending
or refusing to renew the motor vehicle
operator's license or motor vehicle registra-
tions for Alfred Robinson, Jr., by reason
of the non payment of the judgment against
him." See KRS 187.290(3) for definition
of judgment.

Appellant contends that suspension of li-
cense or registration under KRS 187.410(1)
is mandatory and cannot be challenged by
an action under KRS 187.300(3). The
lower court held that appellee had fully
complied with the financial responsibility
provisions of the law, therefore suspension
under KRS 187.410(1) was unlawful and
unreasonable, and KRS 187.300(3) author-
ized this action to question the Depart-
ment's order.

KRS 187.410(1) provides that upon re-
ceipt by the Department of Public Safety of
a certified copy of a judgment, the license
and registration of the judgment debtor
shall forthwith be suspended except as pro-
vided in KRS 187.440. The latter statute
provides relief from suspension by (1) in-
stallment payments on the judgment, or
(2) giving "proof of financial responsi-
bility."

KRS 187.300(3) provides that "Any per-
son aggrieved by an order or act of the de-
partment under the provisions of KRS 187.-
290 to 187.620, may, * * * bring an
action against the department * * * to
vacate or set aside the order or action of the

department on the ground that it is unlawful or unreasonable." The Department insists that a suspension is made mandatory under KRS 187.410(1) and is not reviewable by a court under KRS 187.300(3).

The position of the Department is sound that KRS 187.410(1) makes suspension mandatory, but the language nowhere indicates that the legality or reasonableness of such action cannot be challenged as provided by KRS 187.300(3). The latter statute expressly provides a means of review by a court of any order or act of the Department under the provisions of KRS 187.-290 to 187.620, which obviously includes KRS 187.410(1). Revocation or suspension is the most common act or order under Chapter 187 and is also the one most likely to be challenged. It may well have been the reason for the General Assembly's providing the method of relief in KRS 187.-300(3). Had the General Assembly intended no review of the action taken under KRS 187.410(1), it could have so provided as an exclusion to KRS 187.300(3). In the absence of such exclusion, it is concluded that the General Assembly intended that the Department's acts of revocation under KRS 187.410(1) are reviewable in court to ascertain whether they are unlawful or unreasonable.

Robinson owned two trucks which he used for hauling gravel. He employed James E. Robinson and Rufus Hensley as drivers. On August 31, 1966, while Hensley was driving the front truck, the brakes on the rear truck gave way and it ran into the front truck, forcing it off the road and over a bluff. Hensley was killed.

Recovery in the sum of $55,983.97 was had against appellee and James E. Robinson, the other truck driver. Hartford Accident & Indemnity Company carried appellee's liability insurance under which he was generally covered at the time of the accident. Appellee's employees were excluded from coverage under the policy as was permitted by KRS 187.490(5).

KRS 187.490 defines "motor vehicle liability policy" and sets forth the coverages required in order to comply with the Financial Responsibility Law. Subsection (5) provides that "The motor vehicle liability policy shall not insure any liability under any workmen's compensation law nor any liability on account of bodily injury to or death of an employe of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, * * * of the motor vehicle * * *." The right of an employer to exclude from his liability coverage employees who may be injured while driving the employer's vehicle within the scope of their employment has been upheld. National Union Indemnity Company v. Miniard, Ky., 310 S.W.2d 793.

The General Assembly set forth the minimum standards of the "motor vehicle liability policy" required. The parties agreed that appellee had complied in full with the requirements of the Financial Responsibility Law. KRS, Chapter 187. Again, in its wisdom had it seen fit, the General Assembly need not have provided the exclusion in KRS 187.490(5), which in this case resulted in appellee's being uninsured. The remedy for such lack of coverage addresses itself to the General Assembly. Inasmuch as appellee had complied with the standards required, it was unlawful and unreasonable to revoke or suspend his license or registrations.

The Department cites foreign authorities to sustain its position of mandatory revocation or suspension until the entire judgment is satisfied. KRS 187.430 provides that judgments in excess of the minimum amounts specified and required in KRS 187.290(11), the same as provided in KRS 187.490(1), shall, for the purpose of KRS 187.290 to 187.620, be deemed satisfied when payments in the amount so specified have been credited thereon. This is understood as meaning that the General Assembly did not intend suspension or recovery if the operator had complied with the stat-

utory standards. In view of the language of our Financial Responsibility Law, the foreign authorities are not persuasive.

Judgment affirmed.

All concur.