**COMMONWEALTH of Kentucky, DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Janice Waldman NELSON, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Mary Jo Arterberry, Dept. of Public Safety, Frankfort, for appellant.

Donald S. Muir, Robert B. Reed, Paducah, E. Charles Geittmann, Metropolis, Ill., for appellee.

MONTGOMERY, Chief Justice.

The Department of Public Safety appeals from a judgment in which it was permanently enjoined from suspending or revoking the operator's license of Janice Waldman Nelson. The Department appeals and urges that the circuit court had no jurisdiction to try the action; that the court erred in holding that the Department was estopped; that KRS 187.410 encompasses foreign judgments; and that the insolvency of the insurer is no bar to suspension of license under KRS 187.410(1).

On December 29, 1955, appellee, then a citizen and resident of Chicago, Illinois, had an auto accident in Chicago in which one Henry Craft claimed to have been injured. Black Hawk Mutual Insurance Company of Rockford, Illinois, was appellee's insurer. Black Hawk at that time had been approved to do business in Illinois. The policy issued conformed to the requirements of the financial responsibility law of the State of Illinois, and its limits of liability were in excess of the minimum requirements of KRS 187.490.

On January 30, 1957, Craft sued appellee in the Circuit Court of Cook County, Illinois to recover damages for his injuries arising from the accident. In 1962, Black Hawk became insolvent. On April 28, 1964, Craft obtained a default judgment against appellee in the sum of $4,500. The attorney for Black Hawk had withdrawn from the action.

Appellee became a citizen of Kentucky in 1962, and obtained a Kentucky motor vehicle operator's license. In November, 1964, the Department notified appellee that her license would be suspended for failure to satisfy Craft's judgment. Within five days thereafter, appellee obtained an injunction in the McCracken County Quarterly Court, the county in which she was then residing, restraining the Department from suspending her driver's license. The Department moved to dismiss this cause for lack of jurisdiction. In February 1967, by agreement of the parties, this action was dismissed for

lack of jurisdiction. On March 1, 1967, and within the time set out in KRS 413.270, this action was filed in the McCracken Circuit Court.

■ The Department contends that it may raise the question of lack of jurisdiction at any time. Such question was not raised in the circuit court. However, KRS 413.270 provides that if an action is commenced in due time and in good faith "in any court of this state" and it is then adjudged that such court lacks jurisdiction, a new action may be commenced in the proper court. The time between the commencement of the first and last action does not count in applying any statute of limitation.

■ The Department asserts various reasons for lack of jurisdiction in the quarterly court, none of which need be recounted here since the court adjudicated the lack of jurisdiction by the agreed order entered. The timeliness and good faith of appellee in filing are not questioned. The statute provides that such a filing "in any court of this state" is sufficient. In Ockerman v. Wise, Ky., 274 S.W.2d 385, it was held that a federal district court in Kentucky came within the statute as a "court of this state." Such being the case, a quarterly court would be in the same category. There is no merit in the contention of lack of jurisdiction.

■■ The contention that the insolvency of appellee's insurer is no bar to suspension of a motor vehicle operator's license under KRS 187.410(1) is also without merit. In Commonwealth, Department of Public Safety v. Robinson, Ky., 435 S.W.2d 447, it was held that a motor vehicle operator's license may not be revoked or suspended if the operator had insurance which complied with the requirements of KRS, Chapter 187, at the time liability arose. Here, appellee's insurance coverage at the time of the accident was in excess of the coverage required by KRS, Chapter 187. It is enough to say that the motor vehicle operator had discharged

her duty under a financial responsibility law such as KRS, Chapter 187, when she selected an insurance carrier licensed to do business in the state of her residence. She is not required to be endowed with clairvoyance as to the future solvency of her insurance carrier. Under the circumstances, where at the time of her accident her insurance complied with statutory requirements in her state of residence and also in Kentucky, the lower court properly held that any suspension or revocation was unlawful and unreasonable.

It is unnecessary to discuss whether the Department was estopped or whether KRS 187.410 encompasses foreign judgments.

Judgment affirmed.

All concur.