Department of State, Commission of Professional and Occupational Affairs, State Real Estate Commission, *v.* Vincent A. Spano, doing business as Spano Real Estate Co.

Argued December 15, 1970, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and BARBIERI.

*Robert E. Woodside,* with him *Max W. Gibbs,* for appellant.

*Steven Kachmar,* Assistant Attorney General, with him *Fred Speaker,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, February 22, 1971:

Vincent A. Spano, the appellant here, is a large-scale real estate broker in Delaware County doing busi-

ness as Spano Real Estate Co. He brings this appeal from an adjudication and order of the State Real Estate Commission revoking his broker's license pursuant to the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 P.S. §440. The conclusions of law in the Commission's adjudication dated July 22, 1970 disclose that the appellant was determined to have violated subsections 10(a)(15), 10(a)(16), and 10(a)(17) of the Act. They provide that: "The commission may, upon its its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently to revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings as hereinafter provided, it shall find the holder thereof to have been guilty. . . . (15) Of giving false information for the purposes of discrimination in the rental or sale of housing due to race, color, religious creed, ancestry or national origin of a prospective lessee or purchaser. (16) Of making distinctions in location of housing or dates of availability of housing for purposes of discrimination in the rental or sale of such housing due to race, color, religious creed, ancestry or national origin of a prospective lessee or purchaser. (17) Of violating the provisions of the act of October 27, 1955 (P. L. 744), known as the 'Pennsylvania Human Relations Act,' [43 P.S. §951 et seq.] or if he deals in a discriminatory manner with any individual desiring to rent or purchase housing accommodations because of the person's race, religious creed, or national origin." 63 P.S. §440(a)(15), (16), (17).

These three subsections were added by the amending Act of October 11, 1967, effective December 11, 1967.[1]

A citation and notice of hearing was issued by the Commission on March 10, 1969 based upon eight complaints received by the Pennsylvania Human Relations Commission alleging that appellant or his agents had refused because of their race to show or rent apartments or dwellings: "1. to Lillie McDonald on or about November 20, 1967; 2. to William Wells on or about November 29, 1967; 3. to Stanley Lindner, Jr. on or about December 17, 1967; 4. to Walker D. Toatley on or about July 17, 1968; 5. to Elizabeth G. Beecher on or about October 1, 1968; 6. to Lillie Lawson and/or Ronald K. Dale on or about November 5, 1968; 7. to Stanley E. Hill, Jr. on or about June 28, 1969."

Further, the citation states that the Commission had received notice of an adjudication by the Pennsylvania Human Relations Commission finding appellant to have engaged in unlawful discriminatory practices in dealings with Gerald M. Stancil and Della Stancil, his wife, between the dates of November 27, 1967 and December 5, 1967.

At the hearing before the Commission on February 17, 1970, testimony was received from complainants Lindner, Toatley and Hill. Complainants McDonald, Wells, Beecher and Lawson-Dale did not testify. The adjudication of the Pennsylvania Human Relations Commission in the Stancil case, which included findings of fact, discussion, conclusions of law and final order, was received into evidence over appellant's objection as were the records of that agency of complaints

---

[1] The Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 P. S. §504, provides, in part, that if a law is enacted after July first of the year of the regular session, it shall become effective sixty days after final enactment.

made to it by McDonald, Wells, Lindner, Toatley, Lawson-Dale and Hill, together with investigation reports made incident to such complaints. None resulted in an adjudication by the Pennsylvania Human Relations Commission after formal complaint and public hearing.

The Commission in its adjudication here contested made no findings of fact relative to the complaints of Wells and Beecher, and its findings of fact concerning the complaints of McDonald, Lindner, Toatley, Lawson-Dale and Hill explicitly rely in part upon the complaints of these individuals to the Human Relations Commission and the investigation reports introduced into evidence at the Commission hearing.

Thus, in concluding that appellant had violated subsections 10(a)(15) and 10(a)(16) of the Act, *supra,* the Commission did not rely upon the complaints of Wells or Beecher and relied in part upon Pennsylvania Human Relations Commission records as to the remaining four complaints by individuals set forth in the citation.

Appellant contends (1) that the Commission improperly admitted into evidence the aforementioned records of the Human Relations Commission, (2) that the Commission erred as a matter of law in concluding the appellant violated the Act as to events which occurred before or about the effective date of the amending act creating the offenses charged (McDonald and Lindner complaints), and (3) that the Commission's findings of fact and conclusions of law regarding the individual complaints are not supported by substantial evidence.

As we agree with appellant's first contention we need not consider his remaining arguments concerning the Commission's action as to the individual complaints contained in the citation.

The only authority advanced by the Commission in support of its action admitting into evidence the afore-

mentioned records of the Human Relations Commission is Section 11 of the Act, *supra*, which provides: "(a) In all proceedings before the commission, and as well in all proceedings upon appeal from any of its decisions, the record or a duly certified or exemplified copy thereof, in any proceedings at law, or in equity, in any court of competent jurisdiction in this or any other State, in which the applicant or licensee charged or under investigation shall have been a party, shall be admissible where the issue of fact involved in such proceedings are pertinent to the inquiry before the commission, and the verdict of the jury or judgment of the court in any such action at law or the decree of the court in any such proceeding in equity shall be prima facie as to the facts at issue in such proceedings and necessarily adjudicated therein. . . ."

The Commission would have us conclude that the Human Relations Commission, within the intent of the statute, is a "court of competent jurisdiction" because it exercises quasi-judicial powers. While many administrative agencies make decisions which are judicial in nature, *Harrington v. Tate*, 435 Pa. 176, 254 A. 2d 622 (1969), we know of no authority nor has any been cited, that such power affords them the stature of a court. Absent a clearly expressed contrary legislative intent as to a different meaning, the word "court" as contained in a statute can only mean one within the judicial structure of the government or a judge thereof, and cannot include an agency of the executive branch simply because it possesses quasi-judicial powers. The conclusion that this particular statutory definition— a "court of competent jurisdiction"—can mean only the judicial branch of the government or a judge thereof is buttressed by the preceding phrase "in any proceeding at law or in equity". This language has historically been employed to differentiate between the so-

called law side and the chancery side of the judiciary and in no way describes a proceeding before a quasi-judicial body.

We would also add that implicit within the question of the admissibility of evidence taken before one tribunal into the record of another tribunal are due process requirements and standards to be met under the laws of evidence. The records of the Human Relations Commission in question consisting of unilateral complaints by individuals, investigation reports based in part on hearsay and not subject to cross-examination or refutation in public hearing do not meet such standards.

The Commission erred in admitting into evidence these records, and having explicitly relied in part upon them in Findings of Fact 8-19, inclusive, and Conclusions of Law 3 and 4, all of them must be set aside.

There remains that portion of the Commission's adjudication and final order[2] predicated upon a prior adjudication of the Pennsylvania Human Relations Commission in the matter of a complaint of Gerald and Della Stancil against appellant here which found Spano Real Estate Co. to have violated the Pennsylvania Human Relations Act[3] in having dealt in a discriminatory manner with respect to the rental or purchase of housing accommodations. As previously noted, a certified copy of the Human Relations Commission's adjudication and final order was introduced at the hearing before the Commission on the citation issued in this case.

As to this remaining portion of the Commission's adjudication, it is undisputed that the events which formed the basis for the adjudication of the Human Relations Commission occurred between November 27,

---

[2] Commission's Finding of Fact 20 and fifth conclusion of law.

[3] Act of October 27, 1955, P. L. 744, 43 P.S. §951 et seq.

1967 and December 5, 1967, although the adjudication was not rendered until October 25, 1968.

It is appellant's contention that under subsection 10(a)(17) of the Act, *supra*, a violation of the Pennsylvania Human Relations Act based upon events occurring before its effective date (December 11, 1967) cannot be found to be a violation of that subsection. We agree. The Act in question is penal in nature and must be strictly construed. *Pennsylvania State Real Estate Commission v. Keller*, 401 Pa. 454, 165 A. 2d 79 (1960). Prior to December 11, 1967 a violation of the Pennsylvania Human Relations Act did not in and of itself constitute a violation of the Act in question, nor were discriminatory practices in the rental or sale of houses generally within the interdicts of the Act although they had long been proscribed by the Pennsylvania Human Relations Act. As to the events in question, which occurred between November 27, 1967 and December 5, 1967, appellant was found to be in violation of the anti-discrimination sections of the Human Relations Act and an order to this effect was determined to be proper action by the Human Relations Commission under these circumstances. At that time, the Real Estate Brokers License Act here in question did not proscribe such activity no matter how reprehensible it might have been, nor did it provide for what is now tantamount to mandatory action by the Commission against a real estate broker having been found by another agency to have violated another act.

To declare the retroactive application of this subsection to events which occurred before its effective date would raise serious if not insurmountable constitutional questions. No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature. Section 56, Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. §556. No such

clear intent is found in this statute nor does a penal statute lend itself to such a construction. The Commission, therefore, erred as a matter of law with respect to its finding of fact number 20 and its fifth conclusion of law. Accordingly we make the following

### ORDER

The appeal of Vincent A. Spano is hereby sustained, the adjudication of the State Real Estate Commission is set aside and the Commission is directed to restore to appellant his real estate broker's license.