Charles Meth, Appellant, *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Appellee.

Ralph Myers, Appellant, *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Appellee.

204

Argued February 5, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Carmen P. Belefonte,* with him *Garland D. Cherry,* for appellants.

*Gerald Gornish,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for appellee.

Opinion by Judge Crumlish, June 20, 1974:

This is an appeal from an Adjudication and Order of the Pennsylvania State Real Estate Commission

(Commission) revoking the real estate broker's licenses of Charles Meth and Ralph Myers (Appellants).

On September 14, 1972, the Appellants entered pleas of nolo contendere to three counts of submitting a false statement[1] in violation of Title 18 U.S.C. §1001 and §2 in the United States District Court for the Eastern District of Pennsylvania.

In light of these events, the Commission issued a citation and notice of hearing to Appellants pursuant to Section (b) of the Real Estate Brokers License Act of 1929, Act of May 1, 1929, P.L. 1216, as amended, 63 P.S. §440(b). After hearings on December 6, 1972, and February 22, 1973, the Commission concluded that Appellants' nolo contendere pleas in federal court put them in violation of Section 10(a)(4) and 11(b) of the Act and consequently their respective real estate brokers licenses must be revoked.

Appellants carry this determination to this Court.

An order of the State Real Estate Commission revoking a broker's license will be affirmed by the Commonwealth Court when supported by substantial evidence and where the Commission has not committed an error of law or abused its discretion in the imposition of the penalty. *Yingling v. State Real Estate Commission,* 8 Pa. Commonwealth Ct. 556, 304 A.2d 524 (1973).

Our discussion of the application and construction of Section 10(a)(4) of the Act in *Michael Grasso v. State Real Estate Commission,* 14 Pa. Commonwealth Ct. 196, 320 A.2d 912 (1974) makes it apparent that Appellants have not violated this section. We shall not elaborate further.

---

[1] The indictment setting forth the counts to which Appellants pleaded nolo contendere indicate that Appellants had made a false, fictitious and fraudulent statement and representation as to material facts within the jurisdiction of the Federal Housing Administration.

Our concern now is with the Commission's conclusion that the Appellants violated Section 11(b) of the Act which provides: "Where during the term of any license issued by the department, the licensee shall have pleaded guilty, or entered a plea of nolo contendere, or has been found guilty in a court of competent jurisdiction, in this or any other state, or forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud, bribery, or other offense or offenses, involving the misappropriation, larceny or burglary of money or property belonging to the Commonwealth or any of its political subdivisions or to private persons, businesses or corporations or involving obligations insured by the United States of America or any of its agencies of the Commonwealth of Pennsylvania or any of its agencies, and a duly certified or exemplified copy of the record in such proceeding shall be filed with the commission, the commission shall revoke forthwith the license by it theretofore issued to the licensee so convicted."

Appellants first argue that their plea of nolo contendere in federal court is not a basis for action under Section 11(b) because of the requirement that the pleas be made "in a court of competent jurisdiction, *in this or any other state.*" Appellants reason that the language of the statute requires a nolo contendere plea be made only in a state court and that litigation in the federal jurisdiction was not intended to be considered by the Legislature. Appellants' contention is without merit.

We find here that a federal court comfortably fits into the statutory phrase "court of competent jurisdiction, in this or any other state." The United States District Court for the Eastern District of Pennsylvania, a court of competent jurisdiction, is in residence in Pennsylvania as the terminology clearly denotes.

Although our diligent research fails to uncover cases reported in this Commonwealth which define this phrase in Section 11(b), litigants and the judiciary in other jurisdictions have analyzed like language and have determined that federal courts are indeed "courts of the state." *See generally Commonwealth v. Nelson,* 435 S. W. 2d 449 (Ky. 1968); *Alliance Trust Co. v. Hall,* 11 F. Supp. 668 (S.D. Idaho 1935). We need say no more on this subject.[2]

Appellants also urge that they were denied due process because the Commission merely relied on their nolo contendere pleas in the Federal Court and failed to ascertain by hearing whether Appellants were culpable and whether fraud or falsity was involved in the offenses.[3] In reading Section 11(b), we find it clear that the Commission has no duty to look beyond the nolo contendere plea to determine the substance of the allegations. Once a plea to offenses outlined in Section 11(b) has been taken, Appellants are at moment in violation.

In a related argument, Appellants contend that their due process rights were violated because their offense does not fall within any of those specifically enumerated in §11(b) and the use of "other offense or offenses" language to sustain a violation is unconstitutionally vague.

Title 18 U.S.C. §1001, the offense to which Appellants made their nolo contendere pleas, reads as fol-

---

[2] Appellants cite *State Real Estate Commission v. Spano,* 1 Pa. Commonwealth Ct. 240, 274 A.2d 563 (1971) to support their contention. In that case, this Court, per President Judge Bowman, determined that the Pennsylvania Human Relations Commission was not a "court of competent jurisdiction."

This case lends no weight to Appellants' position.

[3] The Commission did admit testimony on the facts surrounding the offenses, but specifically limited the use of this evidence for the purpose of mitigation.

lows: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

The applicable language of Section 11(b) in this specific inquiry is ". . . other offense or offenses . . . involving obligations insured by the United States of America. . . ." We hold that this language adequately described the false representations made by Appellants to the Federal Housing Authority, and that the Commission correctly determined that these false statements and representations violated Section 11(b). *Whiting v. Real Estate Commission*, 198 A.2d 745 (Dist. Col. C. A. 1964); *Pennsylvania State Real Estate Commission v. H. J. Hoff*, 62 Dauph. 432 (1951).

We have carefully examined the Appellants' remaining arguments and find that the Commission correctly concluded that Appellants violated Section 11(b) and properly revoked their real estate brokers license.

## ORDER

AND Now, this 20th day of June, 1974, the Order of the State Real Estate Commission dated July 17, 1973, revoking the real estate broker's license of Charles Meth and Ralph Myers is hereby affirmed.