## Frankel v. Leisure Technology Corporation

*Richard C. Rizzo,* for plaintiffs.

*Michael J. Rieter* and *Maxwell H. Cohen,* for defendants.

WILLIAMS, *P. J.,* October 22, 1975—Plaintiffs have filed a civil action in the United States District Court for the Eastern District of Pennsylvania. Plaintiffs in that civil action seek rescission on the grounds of fraud of certain conveyances of real estate located in Pennsylvania and Vermont. These conveyances include certain real estate located in Monroe County.

On or about August 5, 1974, plaintiffs caused said Federal civil action to be indexed in the Ejectment and Miscellaneous Index against defendants as a lis pendens. Defendants have filed a motion to strike, alleging two reasons:

"3. The action upon which the above captioned lis pendens is based is an action commenced in the United States District Court for the Eastern District of Pennsylvania. There is no authority for the Prothonotary to index a lis pendens based upon any action commenced in that Court, and accordingly,

the indexing of said lis pendens is contrary to the laws of Pennsylvania.

"4. The failure of this Honorable Court to cancel the lis pendens will cause undue hardship upon the property owner, Leisure Equities Corporation."

Is the United States District Court a court of this Commonwealth within the meaning of the Act of June 15, 1871, P. L. 387, sec. 1, 17 PS §1908?

Defendants argue that since the above-cited act provides for the entry of a lis pendens "when . . . a petition to declare void any agreement, deed or other paper or proceeding conveying or vesting title to real estate in this Commonwealth . . . shall have been commenced in any of the courts of this Commonwealth, the motion to strike should be granted since a Federal District Court is not 'a court of this Commonwealth'."

This precise issue was decided contrary to defendants' position in Meth v. State Real Estate Commission, 14 Pa. Commonwealth Ct. 203, 321 A. 2d 221 (1974). In that case, the Commonwealth Court construed language in the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 PS §440(a), which required the revocation of a broker's license where a licensee had entered a plea of guilty or nolo contendere "in a court of competent jurisdiction of this or any other state." Certain brokers had pleaded nolo contendere in the United States District Court for the Eastern District of Pennsylvania to three counts of submitting a false statement in violation of 18 USC §1001 and §1002, Act of June 25, 1948, 62 Stat. 749.

On appeal from a license revocation, it was argued that a Federal court was not a "court of competent jurisdiction of this or any other state." In

rejecting this argument, the Commonwealth Court said, page 223:

"We find here that a federal court comfortably fits into the statutory phrase 'court of competent jurisdiction, in this or any other state.' The United States District Court for the Eastern District of Pennsylvania, a court of competent jurisdiction, is in residence in Pennsylvania as the terminology clearly denotes.

"Although our diligent research fails to uncover cases reported in this Commonwealth which define this phrase in Section 11(b), litigants and the judiciary in other jurisdictions have analyzed like language and have determined that federal courts are indeed 'courts of the state.' See generally, Commonwealth v. Nelson, 435 S.W. 2d 449 (Ky. 1968); Alliance Trust Co. v. Hall, 11 F. Supp. 668 (S.D. Idaho 1935). We need say no more on this subject (Footnote omitted.)"

On the authority of this decision, we hold that a Federal district court is a court of this Commonwealth.

## THE UNDUE BURDEN ARGUMENT

It is true, as pointed out in Goldman et al. v. McShain, 432 Pa. 61, 75, 247 A. 2d 455 (1968), lis pendens "is an equitable doctrine whose operation is subject to court limitation should it work an undue hardship upon the affected property owner. Dice v. Bender, 383 Pa. 94, 117 A. 2d 725 (1955)."

However, the motion to strike contains no averments of fact which support the grant of relief on the ground of undue hardship. Plaintiffs are entitled to a pleading which informs them of the nature of the undue hardship claimed by defendants. Without such information, they are unable to

adequately answer defendants' claim of undue hardship. Before we can pass on the issue of undue hardship, we will require defendants to raise the issue by an appropriate pleading.

## ORDER

And now, October 22, 1975, petition to strike the lis pendens is denied without prejudice to the right of defendants to raise the issue of undue hardship by a proper pleading which alleges the basis of such claim.