465 A.2d 1052

**In re Petition of Rosborough J. McMILLAN, Jr. for a Private Detective License.**

**Appeal of COMMONWEALTH of Pennsylvania, Appellant.**

**In re Petition of Michael J. MANCHESTER, Renewal of Private Detective License.**

**Appeal of COMMONWEALTH of Pennsylvania, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1983.

Filed Sept. 16, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

60

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Mead S. Spurio, Philadelphia, for McMillan, appellee.

Joseph M. Smith, Philadelphia, for Manchester, appellee.

Before SPAETH, JOHNSON and BECK, JJ.

BECK, Judge:

The Commonwealth appeals from two orders of the court of common pleas, Philadelphia County, which granted private detective licenses to Rosborough J. McMillan, Jr. and Michael J. Manchester. The Commonwealth claims that it was error to grant the private detective licenses because McMillan and Manchester have been convicted of felonies in federal court in this state, and therefore are ineligible for licenses under the Private Detective Act, 22 P.S. §§ 11–30.[1] We agree, and therefore reverse the orders of the lower court.

1. Act of August 21, 1953, P.L. 1273, §§ 1–20.

The Private Detective Act regulates those engaged in various investigative activities of a broad range, including criminal activity, the credibility of witnesses, evidence to be used at judicial proceedings, and other endeavors which require a high level of moral responsibility and absolute reliability. The Act itself confers authority on the court of quarter sessions or the district attorney to assure that applicants are of "good character, competency, and integrity" (22 P.S. § 16[a]).

The purpose of the statute is explained in *In re Sentry Security, Inc.*, 259 Pa.Super. 385, 393 A.2d 880 (1978), aff'd, 490 Pa. 578, 417 A.2d 190 (1980). Quoting *Application for Harding*, 246 Pa.Super. 180, 369 A.2d 871 (1977) the *Sentry Security* Court observed tht "[T]he qualifications required by [the Act] were designed to make sure that only people of good character, integrity, and competency could obtain a license" (259 Pa.Super. at 392, 393 A.2d at 884).

Section 16(b) of the Private Detective Act clearly states that "no ... license shall be issued to any person who has been convicted in this State or any other state or territory of a felony...." McMillan and Manchester have been convicted of felonies in federal court in Pennsylvania.

McMillan was convicted in the District Court for the Eastern District of Pennsylvania for a violation of 18 U.S. C.A. § 241. McMillan, then a Philadelphia police detective, and his co-conspirators were guilty of the illegal detention of eight people. Manchester was convicted in the District Court for the Eastern District of Pennsylvania for violations of 18 U.S.C.A. §§ 1961, 1962(c), 1963; 26 U.S.C.A. 7206(1), racketeering, conspiracy, mail fraud and filing false tax returns.

Manchester had received a private detective license in 1957 which expired in 1980. McMillan, dismissed from the Philadelphia Police Department because of his conviction, applied for a private detective license at about the same time that Manchester petitioned for a renewal of his. They claim that their convictions in federal court in Pennsylvania

do not prevent their obtaining licenses under the terms of the statute.

We agree with the Commonwealth's opposition to the granting of the licenses. In *Meth v. Commonwealth, State Real Estate Commission,* 14 Pa.Commw. 203, 321 A.2d 221 (1974) real estate brokers had their licenses revoked because they had been convicted of a felony in federal court. The Real Estate Brokers License Act [2] required revocation of licenses of brokers convicted of a felony in a court "in this or any other state." The Commonwealth Court upheld the revocation against a challenge from the brokers that the federal felony conviction was not within the reach of the statute. The Court was guided by decisions in other jurisdictions,[3] which determined that "federal courts are indeed 'courts of the state.'" (14 Pa.Commw. at 207, 321 A.2d at 223).

In the instant case, the Private Detective Act's prohibition is not restricted to those convicted of state offenses. The Act forbids licenses to persons "convicted in this state...." McMillan and Manchester have been convicted of felonies in courts in this state. The lower court orders are reversed and McMillan's and Manchester's applications for private detective licenses are denied.

SPAETH, J., files dissenting opinion.

SPAETH, Judge, dissenting:

Section 16(b) of the Private Detective Act of 1953, Act of August 21, 1953, P.L. 1273, §§ 1–20, 22 P.S. § 11–30, provides in part: "[N]o ... license shall be issued to any person who has been convicted in this State or any other state or territory of a felony, ..." 22 P.S. § 16(b). Each appellee has been convicted in a federal court of a felony.

2. Act of May 1, 1929, P.O. 1216, as amended 63 P.S. § 440(b).

3. *Commonwealth v. Nelson,* 435 S.W.2d 449 (Ky., 1968) and *Alliance Trust Co. v. Hall,* 11 F.Supp. 668 (S.D.Idaho, 1935). See also *Ex Parte Schollenberger,* 96 U.S. 369, 24 L.Ed. 853 (1878) (federal court is a "court of this Commonwealth" because state legislature did not indicate contrary intent).

The trial court reasoned that one convicted in a federal court has not "been convicted in this State or any other state or territory," and that therefore Section 16(b) does not bar appellees from being licensed as private detectives. I agree with this reasoning and therefore dissent.

Plain words are to be given their plain meaning. 1 Pa.C.S.A. § 1903(a); *Commonwealth v. Mumma*, 489 Pa. 547, 414 A.2d 1026 (1980). Furthermore, here plain meaning is made even plainer by other statutory provisions. As the trial court observed, slip op. at 3, in Section 12(b)(1) of the Private Detective Act the legislature defined one of the functions of a private detective agency as the investigation of "[c]rime or wrongs done or threatened against the government of the United States of America or any state or territory of the United States of America." The court also compared the language of Section 16(b) ("convict[ion] in this State or any other state or territory of a felony") with analogous provisions in other professional licensing statutes. An accountant's license, for example, may be revoked if the licensee is "found guilty of a felony under the laws of any state or political subdivision of the United States or of the United States." 63 P.S. § 9.9a(5) (Supp.1982–1983). *And see* 63 P.S. § 390–5(a)(2) (pharmacist's license may be revoked or suspended if licensee has been "found guilty, ... [of] any offense in connection with the practice of pharmacy ... before any court of record of any jurisdiction"). When the legislature has thus manifested its intention to distinguish between A and B, its reference to A—"this State"—will not be construed to include B—"The United States." *See* 1 Pa.C.S.A. § 1921; *Commonwealth v. Duncan*, 279 Pa.Super. 395, 421 A.2d 257 (1980) (letter of a statute will not be disregarded under pretext of pursuing unstated legislative intent); *In re Private Detective License of Keibler Detective Agency*, 279 Pa.Super. 276, 420 A.2d 1331 (1980) (court may not create additional authority in a statute if the words of the statute are clear and unambiguous); *Commonwealth v. Aljia Dumas Private Detective Agency*, 246 Pa.Super. 140, 369 A.2d 850 (1977)

(court will not create an additional remedy when the legislature has clearly expressed its intent).

I àm not persuaded by the majority's reliance on *Meth v. Commonwealth, State Real Estate Commission,* 14 Pa. Commw. 203, 321 A.2d 221 (1974). *Meth* construed a provision of the Real Estate Brokers License Act, Act of May 1, 1929, P.L. 1216, 63 P.S. § 441(b), *repealed by* Act of Feb. 19, 1980, P.L., No. 9, to mean that conviction of certain crimes "in a court of competent jurisdiction, in this state or any other state" means conviction in state or federal court. However, the Real Estate Brokers License Act provided:

> Where ... the licensee shall have pleaded guilty, or entered a plea of nolo contendere, or has been found guilty in a court of competent jurisdiction, in this or any other state, of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud, bribery, or other offense or offenses, involving ... property belonging to the Commonwealth or any of its political subdivisions or to private persons, businesses or corporations or *involving obligations insured by the United States of America or any of its agencies* or the Commonwealth of Pennsylvania or any of its agencies and a duly certified or exemplified copy of the record in such proceeding shall be filed with the commission, the commission shall revoke forthwith the license by it theretofore issued to the licensee 'so convicted. 63 P.S. § 441(b) (emphasis added).[1]

"[A] court of competent jurisdiction in this or any other state" to hear cases involving alleged "forgery... [etc.] ... involving obligations insured by the United States of America ..." is a federal court. There is no comparable reference to federal authority in the Private Detective Act. Nor did the Real Estate Brokers License Act contain any section comparable to Section 12(b)(1) of the Private Detective Act.

---

1. The Real Estate Brokers License Act was replaced by the Real Estate Licensing and Registration Act, Act of February 19, 1980, P.L. 15, No. 9, 63 P.S. § 455.101 et seq. The Real Estate Licensing and Registration Act does not contain a provision like Section 441(b) of the Real Estate Brokers License Act.

I therefore find *Ex parte Schollenberger*, 96 U.S. 369, 24 L.Ed. 853 (1878), also cited by the majority, at 62 n. 3, inapposite, for in Section 12(b)(1) the legislature has indicated a contrary intent.

The Commonwealth says that a "construction [of the Private Detective Act that] permits a person convicted of a federal felony to investigate another person allegedly committing federal crimes, .... is absurd and ... subjects the public to the possibility of shocking abuses...." Brief for Commonwealth at 12. It is not for us, nor for the Commonwealth, to say that a statute that can reasonably be read only one way is "absurd." If the Commonwealth can prove "the possibility of shocking abuses," if appellees are licensed as private detectives, it may do so. The Private Detective Act provides that

> [t]he district attorneys of the various counties shall have the power to enforce the provisions of this act, and upon complaint of any person, or on his own initiative, to investigate any violation thereof, or to investigate the business, business practices and business methods of any person, ... applying for or holding a license as a private detective ... if, in the opinion of the district attorney, such investigation is warranted....
> 22 P.S. § 15(a).

Moreover, the Act authorizes district attorneys to subpoena witnesses

> [f]or the purpose of enforcing the provisions of this act and in making investigations relating to any violation thereof, and for the purpose of investigating the character, competency and integrity of the applicants or licensees hereunder, and for the purpose of investigating the business, business practices and business methods of any applicant or licensee, ...
> 22 P.S. § 15(b).

Finally, as the majority acknowledges, under Section 16(a) of the Act, the trial court may issue a certificate of license only after "the application shall have been examined, and such further inquiry and investigation made as the court of

quarter sessions or the district attorney shall deem proper, and when the court of quarter sessions shall be satisfied of the good character, competency and integrity of such applicant...." 22 P.S. § 16(a).

Here the Commonwealth made no attempt to challenge either the "business practices and business methods" or the "character, competency and integrity" of appellees.[2] Instead the Commonwealth relied on its interpretation of Section 16(b) of The Private Detective Act.

I should affirm the orders of the trial court, without prejudice, however, to the right of the Commonwealth to petition the court to revoke the license of either appellee on the ground of improper business practices or lack of good character, competency, or integrity.

---

**2.** With respect to appellee McMillan, the assistant district attorney stated: "Mr. McMillan is qualified under all the terms of the Act except for the prohibition that may be caused by the Federal conviction." N.T. 9/15/80, 4–5. No similar remark was made as to appellee Manchester.