**UNITED STATES of America**

**v.**

**William H. FRANTZ, H. P. Frantz, J. J. McDevitt, Individually and as Co-Partners Doing Business as Frantz Equipment Company, a Co-Partnership,**

**William H. Frantz and J. J. McDevitt, Appellants.**

**UNITED STATES of America**

**v.**

**William H. FRANTZ, H. P. Frantz, J. J. McDevitt, Individually and as Co-Partners Doing Business as Frantz Equipment Company, a Co-Partnership,**

**H. P. Frantz, Appellant.**

**Nos. 11331, 11341.**

United States Court of Appeals, Third Circuit.

Argued Nov. 16, 1954.

Decided Feb. 2, 1955.

Writ of Certiorari Denied June 6, 1955. See 75 S.Ct. 883.

**124**

ey, Attorneys, Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

These are two appeals from summary judgment for the United States in its suit under the Renegotiation Act[1] to recover excessive profits found by the Under Secretary of War to have been realized by appellant partnership on certain war contracts.[2] Appellants contend that the District Court erred in holding that, except for timely appeal to the Tax Court as authorized by statute but not taken here, the Under Secretary's determination was not subject to judicial reexamination. Appellant partner H. P. Frantz advances the additional contention, based on the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, 1181, 50 U.S.C.A.Appendix, §§ 501, 521, that the proceedings to redetermine profits were invalid because conducted during his absence in military service.

The Under Secretary's determination of excess profits was made on December 20, 1943, for appellants' fiscal year ending September 30, 1942. The Renegotiation Act of 1942, as amended, which was in effect at that time, made no provision for judicial review of such determinations. The Revenue Act of 1943, 58 Stat. 21, 78–92, 50 U.S.C.A.Appendix, § 1191, effective February 25, 1944, extensively amended the Renegotiation Act of 1942 providing, *inter alia*, for a War Contracts Price Adjustment Board to share with the appropriate cabinet officer in the determination of excess profits, and for review of excess profits determinations by the Tax Court. Two

Harry Norman Ball, Philadelphia, Pa. (Morris L. Weisberg, Philadelphia, Pa., on the brief), for appellants, Wm. H. Frantz and J. J. McDevitt.

George M. Brodhead, Philadelphia, Pa. (Rawle & Henderson, Joseph W. Henderson, Philadelphia, Pa., on the brief), for appellant H. P. Frantz.

Julian R. Wilheim, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., W. Wilson White, U. S. Atty., Francis Ballard, G. Clinton Fogwell, Jr., Asst. U. S. Attys., Philadelphia, Pa., Paul A. Sween-

---

1. Act of April 28, 1942, c. 247, Title IV, § 403, 56 Stat. 226, 245–246, as amended by the Act of October 21, 1942, c. 619, Title VIII, § 801(a–c), 56 Stat. 798, 982–985; Act of July 1, 1943, c. 185, § 1, 57 Stat. 347–348; Act of July 14, 1943, c. 239, §§ 1–4, 57 Stat. 564–565; Act of February 25, 1944, c. 63, Title VII, § 701 (b), 58 Stat. 21, 78–92; now codified as 50 U.S.C.A.Appendix, § 1191.

2. The government sued for $60,000 the amount of excessive profits found by the Under Secretary, less certain credits which the government owed to appellants. The judgment below was for $26,426.07, the amount which a Special Master appointed by the Court reported the parties to have agreed upon as a correct computation of the unpaid balance of the government's claim.

subsections provide for Tax Court review: Sections 403(e) (1) for review of Board determinations, and 403(e) (2) for review of the Secretary's determinations, whether made before the enactment of the Revenue Act of 1943 for a year ended prior to July 1, 1943, or made after enactment of the Revenue Act of 1943. Both subsections provide that petition for redetermination "may" be made to the Tax Court, within ninety days after mailing of the notice of the determination order or, where the determination was made by the Secretary before enactment of the Revenue Act of 1943, within ninety days after enactment of that Act. Section 403(c) (1) makes final and conclusive a determination of excess profits where no timely appeal is taken to the Tax Court, at least where the determination was made by the Board for a year ending after June 30, 1943. The question before us is whether such finality also extends to a determination made by the Under Secretary for a year ending prior to July 1, 1943. We think that it does.

█ It is argued that the finality provision of Section 403(c) (1) is not made applicable to determinations of the Secretary either by its own terms or by anything in Section 403(e) (2). It is also argued that the application of 403(c) (1) is limited by 403(c) (6) to determinations made for years ending after June 30, 1943. Whatever we might think of these arguments were the matter of first impression, we think they are foreclosed here by the decision of the Supreme Court in Lichter v. United States, 1948, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694, holding final, in the absence of appeal to the Tax Court, determinations made by the Secretary for years ending prior to July 1, 1943. We agree with the Court below that the instant case is not distinguishable from Lichter as urged by appellants, on the ground that in none of the Lichter determinations was the Secretary's determination itself made, as here, prior to the effective date of the Revenue Act of 1943. Section 403(e) (2) specifically makes appeal to the Tax Court available whether the determination was made by the Secretary before or after February 25, 1944, the only distinction being the necessary one as to the time for taking such appeal. We therefore hold that, under the Lichter case, the Under Secretary's determination in this case is final and conclusive in the absence of timely appeal to the Tax Court. It is not necessary to express any opinion whether the Supreme Court derived that finality from Section 403(c) (1) itself or from the congressional intent subsequently indicated in providing the Tax Court remedy.[3]

█ Nor can we sustain the contention of appellant H. P. Frantz that the Under Secretary's determination was invalidated by Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940, providing for a stay of "any action or proceeding in any court" during and for sixty days after the military service of one involved there. The ordinary connotation of "court", used to describe a type of tribunal, is not broad enough to include a head of an executive department administratively determining excess profits on war contracts. Cf. Mulhearn v. Federal Shipbuilding & Dry Dock Co., 1949, 2 N.J. 356, 66 A. 2d 726. Moreover, in Section 101(4) of the Civil Relief Act, 50 U.S.C.A.Appendix, § 511(4), Congress explicitly provided that "The term 'court', as used in this Act, shall include any court of competent jurisdiction of the United States or of any State, whether or not a court of record." If Congress had

---

3. House Report No. 871, 78th Cong., 1st Sess., accompanying the bill which became the February 25, 1944 amendment, stated that "Under existing law there is no right of appeal or review whereby the contractor may have the question of his excessive profits redetermined.

"Your committee bill establishes this right both as to renegotiation adjustments already made, and renegotiation adjustments in contracts entered into aftter June 30, 1943 * * *."

thought that "court" standing alone connoted any governmental agency whose determinations might affect the interests of persons in military service, there would have been no occasion for this explanation. This consideration seems to have been the basis of decision in the only federal case we have discovered directly in point. Polis v. Creedon, Em.App., 1947, 162 F.2d 908. We conclude that the Civil Relief Act does not apply to the Secretary's determination in this case.

The judgment will be affirmed.