Lavere C. and Doris J. BAUGHMAN, Ernest and Jessie Billotte, Mabel E. Bock, Violet Dixon, Robert R. and Donna Ellinger, George and Ruth Elinsky, Hollis N. and Dorothy Jean Knepp, Harold O. and Lorraine Lansberry, James and Catherine Lombardo, Delbert and Janet H. Marsh, Lyle A. and Ruth S. Miller, Howard C. and Loraine G. Shaffer, Richard, Edmund and Emmabell Swanson, Edward L. and M. Joanne Welsh, Abram B. and Mabel L. Wisor, Abe B. and Leda Jane Wisor, and Thomas Irvin and Carol Shelia Wisor, and Carl and Jeannette Leidholm, Plaintiffs-Appellees,

v.

**BRADFORD COAL CO., INC.,**
Defendant-Appellant.

No. 78-1764.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 14, 1978.

Decided Feb. 5, 1979.

---

216

David S. Watson, Richard M. Zomnir, Thorp, Reed & Armstrong, Pittsburgh, Pa., William C. Kriner, Nevling, Davis, Kriner & Yeager, Clearfield, Pa., for defendant-appellant.

Marvin A. Fein, Pittsburgh, Pa., for plaintiffs-appellees.

Before ALDISERT, and ADAMS, Circuit Judges, and COOLAHAN, District Judge.*

## OPINION OF THE COURT

COOLAHAN, Senior District Judge.

■ Several residents of Bigler, Pennsylvania filed this action under the Clear Air Act, 42 U.S.C. § 7401 et seq., against the Bradford Coal Company ("Bradford") alleging that the Bradford coal processing plant located in Bigler violated the Pennsylvania Implementation Plan.[1] Bradford brought

---

\* Honorable James A. Coolahan, United States District Judge for the District of New Jersey, sitting by designation.

1. Under the Clean Air Act, each State is required to promulgate a scheme to control the level of air pollution which complies with certain minimum national standards. Such schemes are called "implementation plans," and are subject to the approval of the Environmental Protection Agency ("EPA"). Once approved, a plan is enforcible by either the State or the EPA. *Friends of the Earth v. Carey,* 535 F.2d 165 (2nd Cir. 1976), *cert. den.,* 434 U.S. 902, 98 S.Ct. 4, 54 L.Ed.2d 23 (1977).

an interlocutory appeal, duly authorized under 28 U.S.C. § 1292(b), from the denial of its motion to dismiss the action for lack of subject matter jurisdiction. We affirm.

The complaint in the District Court was filed on December 27, 1976. Well before that date the Pennsylvania Department of Environmental Resources ("DER") began an action before the Pennsylvania Environmental Hearing Board ("Hearing Board") for civil penalties against Bradford, pursuant to 35 P.S. § 4009.1. This action alleged the same violations of the Plan which the Bigler Residents would later aver in their suit. While the DER did not request a direct prohibition of further plan violations by Bradford, it did pray that the assessed penalty be "sufficient to deter such unlawful conduct in the future."[2]

■ Pursuant to 42 U.S.C. § 7604(a)(1), formerly 42 U.S.C. § 1857h–2(a)(1), federal district courts have jurisdiction over suits by private citizens to enforce Clean Air Act implementation plans against violators. However, 42 U.S.C. § 7604(b)(1)(B) provides that no such action may be commenced

> if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard . . . .

Bradford argues that the DER civil penalty action before the Hearing Board was a prior "civil action in a court of . . . a State to require compliance" with the Plan. Accordingly, Bradford asserts, there is no subject matter jurisdiction under § 7604 to entertain this suit. Finding that the Hearing Board is not a "court of . . . a State", we disagree.[3]

■ This is an issue of first impression; we can find no cases construing § 7604(b)(1)(B) or its equivalent in the Federal Water Pollution Control Act, 33 U.S.C. § 1365(b)(1)(B). Generally, the word "court" in a statute is held to refer only to the tribunals of the judiciary and not to those of an executive agency with quasi-judicial powers. *United States v. Frantz,* 220 F.2d 123, 125 (3rd Cir.), *cert. den.,* 349 U.S. 954, 75 S.Ct. 883, 99 L.Ed. 1278 (1955); *Nelson v. Real Estate Comm'n,* 35 Md.App. 334, 370 A.2d 608, 614 (1977); *Department of State v. Spano,* 1 Pa.Cmwlth. 240, 274 A.2d 563 (1971). Nevertheless, an administrative board may be a "court" if its powers and characteristics make such a classification necessary to achieve statutory goals. *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board,* 454 F.2d 38 (1st Cir. 1972). Indeed, the Pennsylvania Environmental Hearing Board has been held to be a "State Court" for purposes of the Federal Removal Statute, 28 U.S.C.

---

**2.** On October 15, 1977, after commencement of this action, the DER and Bradford entered into a *Consent Order of Settlement for the civil penalties action.* Bradford agreed to pay the State $10,000 for past violations and to construct a new plant by December 31, 1979 which would comply with the Plan. The DER agreed to allow Bradford to continue to operate its old Bigler plant until July 1, 1979, provided that Bradford "take all reasonable interim measures at the existing site to keep fugitive emissions to a minimum" (albeit, apparently, in excess of Plan levels). The DER also agreed not to institute any further enforcement actions against Bradford so long as Bradford complied with the agreement. The Order was not submitted to the EPA for approval. Variances from an implementation plan granted by a State are not effective until approved by the EPA. *Friends of the Earth v. Carey, supra.*

**3.** Thus we need not, and do not, decide whether an action for civil penalties against a violator is an "action . . . to require compliance"

with an implementation plan. We note that Congress recently enacted 42 U.S.C. § 7420(a) which empowers both the States and the EPA to administratively assess and collect civil penalties from violators. The purpose of the provision was, *inter alia* "to encourage compliance as effectively as possible . . . ." H.R. Rep. No. 294 (Interstate and Foreign Commerce Committee), 95th Cong., 1st Sess. 5 (1977), U.S.Code Cong. & Admin.News 1977, pp. 1077, 1083. Nevertheless, Congress was careful to add subsection (f) which provides:

> Any orders, payments, sanctions, or other requirements under this section shall be in addition to any other permits, orders, payments, sanctions, or other requirements established under this chapter, and shall in no way affect any civil or criminal *enforcement proceedings brought under any provision of this chapter* or State or local law. (emphasis added).

§ 1442. *United States v. Pennsylvania Environmental Hearing Board,* 377 F.Supp. 545, 553 (M.D.Pa.1974).

There is little legislative history on the subsection at issue: 7604(b)(1)(B). That subsection, which did not appear in either the House or the Senate bills,[4] was added by the Committee on Conference. The Committee tersely stated of § 7604(b)(1)(B):

> If an abatement action is pending and is being diligently pursued in a United States or State court, such action cannot be commenced but any party in interest may intervene as a matter of right.

H.R.Rep. No. 1783, 91st Cong., 2d Sess. (1970) at p. 55.

■ There is however an extensive legislative history to establish that Congress intended citizen suits to both goad the responsible agencies to more vigorous enforcement of the anti-pollution standards and, if the agencies remained inert, to provide an alternate enforcement mechanism. *See,* S.Rep. No. 1196, 91st Cong., 2d Sess. 2, 35–36 (1970) and the comments of Senator Muskie and Senator Boggs in 116 Cong.Rec. (1970) at pp. 32902, 32918, respectively. *Accord: Friends of the Earth v. Carey, supra,* 535 F.2d at 172; and *Natural Resources Defense Council, Inc. v. Train,* 166 U.S.App. D.C. 312, 320, 510 F.2d 692, 700 (1975). The same legislative history also indicates

> that Congress intended to provide for citizens' suits in a manner that would be least likely to clog already burdened federal courts and most likely to trigger governmental action which would alleviate any need for judicial relief.

*City of Highland Park v. Train,* 519 F.2d 681, 690–91 (7th Cir. 1975). See, Remarks of Senator Muskie at 116 Cong.Rec. 32926 and 33102 (1970) and those of Senator Hart, *id.* at 33183.

■ The preclusion of § 7604(b)(1)(B), and the constituent phrase "court of . . . a State", must be construed in light of those policies. Accordingly, for a State administrative board to be a "court" under that sub-section, that tribunal must be empowered to grant relief which will provide meaningful and effective enforcement of an implementation plan. Unless this were true, any action by a State before the board would neither alleviate the need for judicial relief nor supplant the enforcement function of citizen suits.

The Clean Air Act does provide a benchmark for evaluating the sufficiency of State administrative remedies. Section 7604(b)(1)(B) also precludes citizen suits where the EPA has commenced a "civil action in a court of the United States." Thus, Congress believed that such proceedings would provide effective enforcement and obviate the need for citizen actions. Under 42 U.S.C. § 7413, the EPA may sue

> for a permanent or temporary injunction, or to assess and recover a civil penalty of not more than $25,000 per day of violation, or both. . . .

Congress thus perceived that effective enforcement required, in addition to the sanction of penalties, the option of an injunction to mandate compliance. Some large dischargers of pollutants might believe it more

---

4. It may be argued that the Senate bill contained in its notice requirement an implied preclusion of private suits in the event of prior agency action. Section 304(a)(3) provided:

> No such suit shall be filed unless such person or persons shall have afforded the Secretary, his representative, or such agency, at least thirty days from the receipt of such notice *to institute enforcement proceedings under this title to abate such alleged violation;*

(emphasis added). S.Rep. No. 1196 (Senate Comm. on Public Works) 91st Cong., 2nd Sess. 122 (1970). However, in its Statement of Intent, the Senate Committee on Public Works said:

> It should be emphasized that if the agency had not initiated abatement proceedings following notice or if the citizen believed efforts initiated by the agency to be inadequate, the citizen might choose to file the action. In such case, the courts would be expected to consider the petition against the background of the agency action and could determine that such action would be adequate to justify suspension, dismissal, or consolidation of the citizen petition. On the other hand, if the court viewed the agency action as inadequate, it would have jurisdiction to consider the citizen action notwithstanding any pending agency action.

*Id.* p. 37.

economical to pay a fine than to incur the costs of compliance. Without injunctions, enforcers would be compelled, in effect, to sell a variance from an implementation plan to any wealthy pollutor.

It follows that to constitute a "court" in which proceedings by the State will preclude private enforcement actions under § 7604, a tribunal must have the power to accord relief which is the substantial equivalent to that available to the EPA in federal courts under the Clean Air Act. The Pennsylvania Environmental Hearing Board lacks this capacity. Pursuant to 35 P.S. § 4009.1, the Hearing Board is empowered only to assess a penalty which cannot exceed $10,000 plus $2,500 for each day of continuing violation of the Implementation Plan. Thus, the maximum potential financial deterrent available to the Hearing Board is merely one-tenth that wielded by federal courts. More significantly, the Hearing Board lacks the power to enjoin violations of the Plan. *Cf.* 71 P.S. § 510–21 and 35 P.S. § 4006. Compare, 35 P.S. § 4010.

The procedures of the Hearing Board are also deficient. Section 7604(b)(1)(B) provides that where an agency commences an action in federal court, citizens may intervene in those proceedings "as *a matter of right*." (emphasis added). Apparently Congress intended that, even where private enforcement actions were precluded, the salutary effects of citizen gadflies should be preserved by allowing their participation as intervenors in the government-initiated suit. The right of intervention is, of course, not applicable to proceedings "in a court of . . . a State." Nevertheless, we believe that the existence of such a right may be properly considered as one factor[5] in determining whether a particular state tribunal is a "court" for purposes of preclusion of citizen actions.

Under the Hearing Board's Rules of Practice and Procedure, citizen intervention is not of right, but rather is discretionary with the Board. 25 P.C. § 21.14(b). Thus, were the Board held to be a "court", citizens could be effectively frozen out of the enforcement process. Such a result would contravene the general Congressional intent of the Clean Air Act.

Accordingly, we find that the Pennsylvania Environmental Hearing Board not to be a "court" under § 7604(b)(1)(B). The District Court's Order that it has jurisdiction under the Clean Air Act will be affirmed.[6]

---

**5.** Accordingly, we do not decide whether the lack of citizen intervention of right, alone, is a sufficient basis to find an otherwise competent tribunal not to be a "court" under § 7604(b)(1)(B).

**6.** Because of this conclusion, we do not address the alternative jurisdictional bases argued by the parties.