**UNITED STATES of America, Plaintiff,**

**Commonwealth of Pennsylvania, Department of Environmental Resources, and County of Allegheny, Intervenors,**

**Group Against Smog and Pollution, Intervenor,**

v.

**UNITED STATES STEEL CORPORATION, Defendant.**

**Civ. A. No. 79–709.**

United States District Court,
W. D. Pennsylvania.

Sept. 8, 1980.

Robert J. Cindrich, U. S. Atty., Pittsburgh, Pa., Barbara H. Brandon, Pollution Control Section, U. S. Dept. of Justice, Washington, D. C., for United States.

Robert B. Koegel, U. S. Environmental Protection Agency, Philadelphia, Pa., for E. P. A.

Dorothy A. Servis, Pittsburgh, Pa., Blair S. McMillin, Arthur H. Stroyd, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for U. S. Steel.

Gregory L. Klink, Chairman, Environmental Committee, United Steelworkers of America, Local Union 1397, Homestead, Pa., for Union.

Ward T. Kelsey, Asst. Atty. Gen., Pittsburgh, Pa., for Dept. of Environmental Resources, Comm. of Pa.

James McLean, County Sol., Charles J. Goetz, Asst. County Sol., Pittsburgh, Pa., for County.

Robert Yuhnke, Chicago, Ill., Edward Gerjuoy, Estelle F. Comay, Titus, Marcus & Shapira, Pittsburgh, Pa., for GASP.

## MEMORANDUM ORDER

COHILL, District Judge.

The parties to this action under the Clean Air Act entered into a Consent Decree which was approved by the Court on July 10, 1979. A year later, the Defendant has petitioned to modify certain provisions of the Decree. No formal action has been taken by the Court since the parties have been informally negotiating the suggested modifications at the request of the Court. The Group Against Smog and Pollution ("GASP"), a local organization, has filed a Motion to Intervene in the proceedings pursuant to 42 U.S.C. § 7604(b)(1)(B) and Rule 24(a)(1) of the Federal Rules of Civil Procedure. GASP asserts that it is entitled to the same status as the other parties and should be involved in the negotiations.

Rule 24(a)(1) provides in part that "upon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene." The defendant, United States Steel, and an earlier intervenor, the County of Allegheny, have challenged whether the application in this case is timely and also whether the statutory right of intervention applies in this case.

■ We have no difficulty with the timeliness of GASP's motion. It rightfully argues that it would be a wasteful policy to require a potential party to an environmental action such as this one to intervene at a time when it is satisfied with the progress of the case merely in order to preserve its right to object to later, unsatisfactory modifications. Although a judgment was entered, the motion for modification reopens the case almost as though it were a new one for purposes of considering the proposed changes. See § 304(a)(1) and (f) of the Act, 42 U.S.C. § 7604(a)(1) and (f), defining violations of the Act to include "a schedule or timetable of compliance."

The extent of the statutory authorization for intervention is a more difficult issue. The Clean Air Act, at 42 U.S.C. § 7604(b)(1)(B), specifically provides for citizen's suits. This section replaces a citizen's right to bring an action in cases already pending, brought by the Environmental Protection Agency, with a right of intervention in such suits. It reads: "In any such action in a court of the United States any person may intervene as a matter of right."

Our research has uncovered no case in the United States Supreme Court or in the United States Court of Appeals for the Third Circuit which interprets this intervention of right. We note that in construing other statutes, federal courts have been reluctant to find an "unconditional" right to intervene at any stage of the proceedings. *See* cases collected at C. Wright and A. Miller, *Federal Practice & Procedure*, § 1906. Although there is no precedent in this circuit exactly on point, a 1979 case construing the language "court of the United States" in § 7604(b)(1)(B) is helpful in a general way. In *Baughman v. Bradford Coal Co.*, 592 F.2d 215 (3d Cir. 1979), the Court reviewed the legislative history of the Clean Air Act and found little to explain the Congressional intent behind § 7604(b)(1)(B), which was apparently a last–minute addition to the legislation. However, the broader history disclosed a purpose of providing citizen suits as an alternative enforcement mechanism. The Third Circuit agreed with the Seventh Circuit that

> "Congress intended to provide for citizens' suits in a manner that would be least likely to clog already burdened federal courts and most likely to trigger governmental action which would alleviate any need for judicial relief."

*Baughman, supra* at 219; *City of Highland Park v. Train*, 519 F.2d 681 (7th Cir. 1975). In the earlier portion of this case the need for judicial action was minimized by the successful negotiations among the parties—the Environmental Protection Agency, the Commonwealth of Pennsylvania, the County of Allegheny, and the United States Steel Corporation.

The arguments in this case have demonstrated two public policies in conflict: (1) the usefulness of citizen participation in environmental affairs on one hand, and (2) the encouragement of the expeditious resolution of litigation by the parties (including, in this case, the government agency specifically entrusted by Congress with the responsibility for enforcement of the Clean Air Act) on the other hand. We think both policies can be effectuated by a form of limited intervention.

■ We believe that GASP has a right to be involved in these proceedings under § 7604(b)(1)(B), although the extent of its participation is not clearly defined in the Act. Congress explicitly recognized the importance of citizen participation; moreover, we expect that GASP's role may be helpful to the Court in an area in which most federal courts lack scientific expertise.

On the other hand, we stood by earlier while the other parties negotiated this decree over a long period of time. From all the letters and comments received by this Court when the Consent Decree was before us in 1979, we are aware of the large numbers of individuals and groups who are interested in this decree. Were each group—whether labor, environment, business, or community–based—permitted to intervene in the ongoing informal negotiations, the ultimate goal of the decree, to obtain compliance with healthy air standards, might be indefinitely delayed.

Considering the unusual posture of this case and general rules of statutory interpretation, we do not find an "unconditional" or "absolute" right of intervention under § 7604(b)(1)(B) and Rule 24(a)(1) which includes participation in compromise talks. Without deciding the extent of statutory intervention authorized by § 7604(b)(1)(B), we shall allow permissive intervention under Rule 24(b). Although GASP shall not be a party to the negotiations by order of this Court, the other parties may unanimously decide to allow them to be present and/or participate in such negotiations.[1]

---

1. If the parties are sincere in their desire to expedite this process, they would be well advised to keep GASP informed of their progress. While the Court will not order this, we strongly suggest that the other parties' goal of expediting resolution will best be served by their inclusion of GASP in the circulation of settlement documents or written proposed modifications. GASP's point that it need not always operate from an adversarial posture is well taken. If it is informed early enough of the proposed modifications through the voluntary efforts of the other parties, valuable court time may be saved.

GASP shall be made an intervenor in the Court's records and shall receive notice of all official Court proceedings. They shall be invited to brief all issues raised by the modification motion and related motions. They may file formal objections to any suggested modifications, call witnesses at any hearing on modification and/or cross–examine any witnesses called by other parties.

We believe this form of intervention will satisfy the intention of the Act and aid this Court in its duties without unnecessarily impeding the current negotiations.