**PROFFITT, Raymond, Appellant,**

v.

**COMMISSIONERS, TOWNSHIP OF BRISTOL: Bucks County, Lewis, Jr., Robert; Cotrigno, Chaser J.; Slipp, Michael J.; Geguldi, Anthony; Tatum, Mary Lou; Wurm, Albert M.; Rogers, Anna; Melio, Anthony J.; Pekarski, James; Mascia, L. Marie; License & Inspection: Boyle, J.P.O. Commissioners, Bristol Township Sewer Authority: Lattanzi, Vincent; Carnvale, Gusty; Harrison, Robert A.; Kovelesky, Adele A.; Clark, Francis E.; Farrell, Eleanor B.; Rodavitch, Pauline; Tantum, Joe; and Szafranski, Joseph; McNeil, Raymond, Appellees.**

**No. 84–1346.**

United States Court of Appeals, Third Circuit.

Argued Jan. 15, 1985.

Decided Feb. 11, 1985.

Randall J. Brubaker (Argued), Philadelphia, Pa., for appellant.

Richard M. Snyder (Argued), Begley, Carlin & Mandio, Bristol, Pa., for Bristol Tp. Auth.

Clyde W. Waite, Sol., Bristol Tp., Stief, Waite, Gross, Sagoskin & Kellis, Bristol, Pa., for Com'rs, Lewis, Cotugno, Slipp, Gesualdi, Tantum, Wurm, Rogers, Melio, Pekarski and Mascial.

Before HUNTER, HIGGINBOTHAM, Circuit Judges, and DEBEVOISE,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

On October 17, 1983, Raymond Proffitt filed a *pro se* complaint in the United States District Court for the Eastern District of Pennsylvania against Bristol Township, Bristol Township Sewer Authority, and the Commissioners of the Township and the Authority. The complaint alleged that the defendants had caused violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.* (1982), to occur at the Township's Sewage Treatment Plant in Bucks County, Pennsylvania. On February 7, 1984, Proffitt, with assistance of counsel, filed an amended complaint adding an allegation that violations of the Water Pollution Prevention and Control Act ("WPPCA"), 33 U.S.C. § 1251 *et seq.* (1982), had occurred at the plant. On the same day, Proffitt sent written no-

---

* Honorable Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

tice of the alleged violations to the various defendants and to the federal Environmental Protection Agency ("EPA") and the Pennsylvania Department of Environment Resources ("DER").

The district court dismissed Proffitt's suit for lack of subject matter jurisdiction on two alternative grounds: Proffitt's failure to notify EPA, DER, and the defendants sixty days before filing his complaint, as required by WPPCA's and RCRA's citizen suit provisions; and the fact that EPA had issued an order for the sewage plant to comply with applicable effluent discharge standards. For the reasons set forth below, we hold that neither ground relied upon by the district court was sufficient to warrant dismissal of Proffitt's suit. We will therefore reverse the judgment below, and remand the case for proceedings consistent with this opinion.

WPPCA and RCRA provide for civil enforcement actions by private citizens. *See* 33 U.S.C. § 1365(a); 42 U.S.C. § 6972(a). Both acts, however, provide that no such citizen suit "may be commenced prior to sixty days after the plaintiff has given notice of the alleged violation to [EPA], ... to the State in which the alleged violation occurs, and ... to any alleged violator...." 33 U.S.C. § 1365(b)(1)(A); 42 U.S.C. § 6972(b)(1). The purpose of the sixty-day notice requirement is to obviate the need for resort to the courts by prompting either administrative enforcement of the laws or voluntary compliance by alleged violators. *See, e.g., Susquehanna Valley Alliance v. Three Mile Island,* 619 F.2d 231, 243 (3d Cir.1980); *Friends of the Earth v. Carey,* 535 F.2d 165, 175 (2d Cir. 1976) (construing identical notice provision of the Clean Air Act, 42 U.S.C. § 7604(b)(1)(A)).

Nevertheless, these citizen suit provisions evince a legislative intent that "citizen[s] are not to be treated as nuisances or troublemakers but rather as welcome participants in the vindication of environmental interests." *Friends of the Earth,* 535 F.2d at 172. Mindful of this legislative intent, this and other courts have consist-

ently held that the sixty-day notice provisions should be applied flexibly to avoid hindrance of citizen suits through excessive formalism. *See, e.g., Pymatuning Watershed Citizens for a Hygienic Environment v. Eaton,* 644 F.2d 995, 996 (3d Cir. 1981) (per curiam); *Susquehanna,* 619 F.2d at 243; *Friends of the Earth,* 535 F.2d at 175. Thus in *Susquehanna,* this court held that the notice requirement for a citizen suit under WPPCA is met by a showing that the defendants and administrative agencies had actual notice of the alleged violations more than sixty days before the suit was filed. *See* 619 F.2d at 243.

■ Here, Proffitt argued before the district court that the notice requirements were satisfied by notice-in-fact, since the Bucks County Health Department had reported the alleged violations to EPA and DER in September 1980, and since Proffitt himself had visited EPA and DER officials several times between June and November of 1983 to discuss environmental problems at the sewage plant. The district court did not give effect to the notice-in-fact argument because it considered that written sixty-day notice is a jurisdictional prerequisite. Under the *Susquehanna* standard, however, Proffitt's showing of notice-in-fact was sufficient to defeat the contention that his failure to file sixty-day notices deprived the district court of subject matter jurisdiction over his claim.

■ The district court also erred in holding that it lacked subject matter jurisdiction over Proffitt's suit because EPA had already issued a compliance order to the sewage plant. No citizen suit under WPPCA or RCRA may be brought if either EPA or the relevant state agency "is diligently prosecuting a civil or criminal action in a court of the United States or a State to require compliance" with the law. 33 U.S.C. § 1365(b)(1)(B); 42 U.S.C. § 6972(b)(2). Construing identical language in the Clean Air Act, 42 U.S.C. § 7604(b)(1)(B), this court has held that an administrative tribunal is not a "court" for purposes of the Act, unless the tribunal has power to accord relief equivalent to that

available from a court, including the power to enjoin violations. *See Baughman v. Bradford Coal Co.,* 592 F.2d 215, 219 (3d Cir.), *cert. denied,* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979).

Plainly, EPA's compliance order lacks the indicia of a "court action" enunciated in *Baughman,* particularly the right of citizens to intervene in federal court actions brought by agencies under these environmental statutes. *See id.;* 33 U.S.C. § 1365(b)(1)(B); 42 U.S.C. § 6972(b)(2). The compliance order, therefore, did not deprive the district court of subject matter jurisdiction over Proffitt's suit.

Accordingly, the judgment of the district court is reversed and the case remanded for proceedings consistent with this opinion.