IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jamar Patterson and Abron Ash, | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 284 M.D. 2023 |
| | : | |
| The Commonwealth of Pennsylvania | : | Argued: June 5, 2024 |
| and Larry Krasner, in his official | : | |
| capacity as the District Attorney of | : | |
| Philadelphia, | : | |
| Respondents | : | |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE MATTHEW S. WOLF, Judge

OPINION
BY JUDGE McCULLOUGH                          FILED: November 15, 2024

In this original jurisdiction action, Jamar Patterson and Abron Ash (collectively, Petitioners) challenge the constitutionality of certain provisions of Section 13 of The Private Detective Act of 1953 (Private Detective Act or Act).[1] The challenged provisions, *inter alia*, preclude private security companies from employing as private security officers individuals with specified criminal convictions (Employment Ban). Petitioners have been either denied or terminated from employment as private security officers because of their criminal convictions. In their Petition for Review in the Nature of an Action for Declaratory and Injunctive Relief (Petition for Review), they lodge both facial and as-applied challenges to the

---

[1] Section 13(a) and (b) of the Act of August 21, 1953, P.L. 1273, *as amended*, 22 P.S. § 23(a), (b).

Employment Ban, arguing that it violates their right to engage in gainful employment guaranteed by article I, section 1 of the Pennsylvania Constitution.[2]

Now before the Court for disposition are (1) the preliminary objections to the Petition for Review filed by the Commonwealth of Pennsylvania (Commonwealth); and (2) the amended preliminary objections or, in the alternative, application for summary relief filed by Larry Krasner, in his Official Capacity as the District Attorney of Philadelphia (DA Krasner) (together with the Commonwealth, Respondents). In essence, both the Commonwealth and DA Krasner contend that they are not proper Respondents and seek their dismissal from this case.

After our careful review, we (1) sustain the Commonwealth's preliminary objections and dismiss it from the case; and (2) transfer this action for lack of jurisdiction to the Court of Common Pleas of Philadelphia County for further proceedings, including, as appropriate, the disposition of DA Krasner's preliminary objections and/or application for summary relief.

## I.     FACTS PLED IN THE PETITION FOR REVIEW

### A.     Patterson

In or around March 2022, Patterson, a Philadelphia resident, applied for a position as a security professional with Allied Universal Security Services (Allied). The position involved securing the exterior of approximately eight buildings in Philadelphia. Patterson interviewed with Allied for the position on April 8, 2022, and was extended an offer of employment contingent upon a successful drug test and

---

[2] Article I, section 1 provides that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1. "Pursuant to [a]rticle I, [s]ection 1 of the Pennsylvania Constitution, all persons within this Commonwealth possess a protected interest in the practice of their profession." *Khan v. State Board of Auctioneer Examiners*, 842 A.2d 936, 946 (Pa. 2004) (citation omitted).

criminal background check. Patterson then informed Allied that he had a 2005 felony drug conviction on his record, and Allied rescinded the employment offer. Patterson alleges that Allied rescinded his employment offer pursuant to Section 13(a) of the Private Detective Act, which prohibits security companies from knowingly employing an individual with a felony criminal conviction.

### B. Ash

Beginning in 2017, Ash, also a resident of Philadelphia, was employed as a security guard at the Philadelphia International Airport for McGinn Security. Allied thereafter acquired McGinn, and Ash continued to work as a security guard. Ash then relocated to Florida, where he continued to work as a security guard first for Allied, and then for Guardian Security. In April 2023, Ash returned to Philadelphia and again obtained employment as an unarmed security guard for Allied. On May 9, 2023, Allied terminated Ash's employment as a security guard due to his 2006 felony convictions of simple assault, reckless endangerment, and possession of an instrument of crime.

In their Petition for Review, Petitioners seek a declaration that Subsections 13(a) and (b)(4) of the Private Detective Act violate article I, section 1 of the Pennsylvania Constitution by denying their right to seek gainful employment. For relief, Petitioners request (1) a declaration that Subsections 13(a) and (b)(4) are unconstitutional on their face and as applied to Petitioners, and (2) an injunction precluding Respondents from enforcing Subsections 13(a) and (b)(4) against Petitioners or any other similarly situated individuals, including by way of prosecution of security companies that employ such individuals.

On August 25, 2023, the Commonwealth filed preliminary objections to the Petition for Review, arguing that (1) it is not an indispensable party and, therefore, was misjoined as a Respondent (Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.)

3

1028(a)(5)); and (2) Petitioners' claim fails as a matter of law because the Commonwealth and its agencies do not have the power to enforce, implement, or administer the Private Detective Act and, accordingly, no relief can be obtained against it (Pa.R.Civ.P. 1028(a)(4)).

On August 16, 2023, DA Krasner filed a preliminary objection to the Petition for Review and, in the alternative, an application for summary relief, in both of which he challenged, under Pa.R.Civ.P. 1028(a)(5), the propriety of his joinder.[3] DA Krasner argues that the Private Detective Act confers jurisdiction to investigate and prosecute criminal violations of the Employment Ban exclusively on the district attorney in the county where the offending entity maintains its license. Because it is undisputed that all of Allied's licenses are maintained in Montgomery County, DA Krasner argues that he would have no authority to investigate or prosecute any violations of the Employment Ban committed by Allied. Accordingly, he contends that he is not an appropriate Respondent and seeks his dismissal from this action.[4]

## II.  DISCUSSION

### A.  Preliminary Objections Standard

In ruling on preliminary objections, we must accept as true all well-pleaded factual allegations and any inferences that reasonably may be drawn from them. *Neely v. Department of Corrections*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003). We are not, however, bound to accept as true "legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion[.]" *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018).

---

[3] DA Krasner filed amended versions of his preliminary objection and application for summary relief on August 28, 2023, which are the versions before the Court for disposition.

[4] DA Krasner filed an application for summary relief in the alternative because he attaches and refers to documents that Petitioners did not reference in or attach to their Petition for Review.

4

## B.     The Private Detective Act

Enacted in 1953, the Private Detective Act regulates the business of providing private detective, investigative, watch, guard, and patrol services. *See* Section 2(a)-(e) of the Private Detective Act, 22 P.S. § 12(a)-(e). Businesses providing such services must be licensed in accordance with the Act, and applications for licenses are submitted to the court of common pleas in the county where the business maintains its principal office. Sections 3(a) and 4(a) of the Act, 22 P.S. §§ 13(a), 14(a).[5] Licenses may not be issued to a person previously convicted of a felony or certain other enumerated offenses. Section 6(b) of the Act, 22 P.S. § 16(b); *see also In re Petition of McMillan*, 465 A.2d 1052, 1053 (Pa. Super. 1983) (the qualifications required by the Act "were designed to make sure that only people of good character, integrity, and competency could obtain a [private detective] license") (quotation and citation omitted). Licenses must be posted conspicuously in the agency or office for which it is issued and are subject to reasonable inspection by the "district attorney or an authorized representative or representatives of the Pennsylvania State Police and the Attorney General." Section 8 of the Act, 22 P.S. § 18.[6]

The Act prohibits security agencies from employing individuals with certain criminal backgrounds and criminalizes violations of this prohibition.

---

[5] Section 4 of the Act requires that license applications be submitted to the clerk of quarter sessions in the county where the applicant's principal office is located. Subsequent to the Act's enactment, the Pennsylvania Constitution abolished the courts of quarter sessions, and "the courts of common pleas now entertain applications for private detective licenses." *In re Sentry Security, Inc.*, 393 A.2d 880, 883 n.8 (Pa. Super. 1978). The Superior Court hears appeals of decisions either granting or denying private detective licenses. *See In re: Centeno*, 5 A.3d 1248, 1248 n.1 (Pa. Super. 2010).

[6] Section 19 of the Act requires that each clerk of the courts of common pleas "publish, at least once in each year, a roster of the names and addresses of all persons, partnerships, associations and corporations licensed by such court under the provisions of [the] Act." 22 P.S. § 29.

Specifically, Section 13(a) of the Act prohibits the employment of any individual who has been convicted of a felony or certain other enumerated offenses, including illegal possession of a firearm or weapon, receiving stolen property, reckless endangerment, and others. Section 13(a) of the Act, 22 P.S. § 23(a). A first violation of this prohibition is a misdemeanor carrying maximum penalties of a $5,000.00 fine, one year imprisonment, or both.[7] *Id.* Relatedly, Section 13(b)(4) of the Act requires, as a condition for employment by a security agency, applicants to execute and submit a verified statement affirming, *inter alia*, that he or she "has not been convicted of a felony[] or of any offense involving moral turpitude[] or of any of the misdemeanors or offenses described in subsection (a) of this section." Section 13(b)(4) of the Act, 22 P.S. § 23(b)(4).

> As to enforcement, Section 5(a) of the Act provides as follows:

> (a) The district attorneys of the various counties shall have the power to enforce the provisions of this [A]ct, and, upon complaint of any person, or on his own initiative, to investigate any violation thereof, or to investigate the business, business practices and business methods of any person, partnership, association or corporation applying for or holding a license as a private detective or investigator if, in the opinion of the district attorney, such investigation is warranted. Each such applicant or licensee shall be obliged, on request of the district attorney, to supply such information as may be required concerning his or its business, business practices or business methods, or proposed business practices or methods.

22 P.S. § 15(a). District attorneys also have the ability to subpoena witnesses "[f]or the purpose of enforcing the provisions of this [A]ct and in making investigations relating to any violation thereof, and . . . for the purpose of investigating the . . .

---

[7] License revocation is a permissible sanction for a first conviction of violating the Employment Ban. For a second conviction, license revocation is mandatory. *See* 22 P.S. § 23(a).

business practices of any applicant or licensee . . . ." Section 15(b) of the Act, 22 P.S. § 25(b). Finally, Section 17 of the Act, 22 P.S. § 27, provides that "[c]riminal action for violation of this [A]ct shall be prosecuted by the district attorney of the county in which any violation of this [A]ct occurred."

### C. Commonwealth Preliminary Objections

We address the Commonwealth's preliminary objections first because they are dispositive of the entire matter in this Court. The Commonwealth lodges two preliminary objections to the Petition for Review, which we address together because they are interrelated. The Commonwealth first argues that it is not a proper party to this action because it is not indispensable. In other words, the Commonwealth contends that it has been misjoined[8] as a respondent because the relief sought by Petitioners (declaring portions of the Private Detective Act unconstitutional) can be afforded without its participation. The Commonwealth relatedly demurs to the Petition for Review, arguing that the principal relief sought by Petitioners—the enjoining of enforcement of the challenged provisions against Petitioners and similarly situated individuals—cannot be obtained against it because the proper party in interest would be the party charged with enforcing the Act, here, a local district attorney.

Our original jurisdiction is conferred by Section 761(a)(1) of the Judicial Code, which, relevant here, grants this Court original jurisdiction over civil actions "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity." 42 Pa.C.S. § 761(a)(1). "Commonwealth government" is defined as:

> The government of the Commonwealth, including the courts
> and other officers or agencies of the unified judicial systems,

---

[8] Pennsylvania Rule of Civil Procedure 1028(a)(5) provides that a party may preliminarily object to any pleading alleging misjoinder of a cause of action. Pa.R.Civ.P. 1028(a)(5).

7

the General Assembly, and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth, **but the term does not include any political subdivision, municipal or other local authority, or any agency of any such political subdivision or local authority.**

*Id.* § 102 (emphasis added).

To properly exercise original jurisdiction under Section 761(a)(1), more is required than merely naming the Commonwealth or one of its officers in a lawsuit. Instead, the Commonwealth or one of its officers must be *indispensable* to the action. *Stedman*, 221 A.3d at 756-57. A party is indispensable when his or her rights are so intertwined with the claims in the litigation that relief cannot be granted without affecting those rights; in other words, justice cannot be accomplished without the party's participation. *Id.* at 757-58. By contrast, where the Commonwealth party's involvement in the suit is minimal and no relief can be afforded against it, it is not indispensable, and its joinder to the suit is improper. *Id.* at 758; *Pennsylvania School Boards Association, Inc. v. Commonwealth Association of School Administrators, Teamsters Local 502*, 696 A.2d 859, 867 (Pa. Cmwlth. 1997). The question of indispensability is decided by examining the nature of the claims asserted and the relief sought to determine whether the party has a right or interest related to the claims and essential to their merits such that due process requires the party's participation in the litigation. *Rachel Carson Trails Conservancy, Inc. v. Department of Conservation and Natural Resources*, 201 A.3d 273, 279 (Pa. Cmwlth. 2018).

Pertinent here, although a challenge to the constitutionality of a statute might, in some circumstances, indirectly affect the Commonwealth government, the mere fact that the statute may ultimately be declared unconstitutional does not, in itself, make the Commonwealth indispensable to the action. *Phantom Fireworks Showrooms,*

8

*LLC v. Wolf*, 198 A.3d 1205, 1214 (Pa. 2018). Further, where a petitioner presents an as-applied constitutional challenge, the proper respondent is the party responsible for enforcing the statute. *Pennsylvania Environmental Defense Foundation v. Commonwealth*, 285 A.3d 702, 713 (Pa. Cmwlth. 2022). *See also Stedman v. Lancaster County Board of Commissioners*, 221 A.3d 747, 757 (Pa. Cmwlth. 2019) (*en banc*) ("for the Attorney General to be an indispensable party, the statute at issue must give him powers or duties with respect to the law's *enforcement* or *administration*") (internal quotations and citation omitted) (emphasis provided).

Petitioners have lodged facial and as-applied challenges to Subsections 13(a) and (b)(4) of the Private Detective Act, seeking (1) declarations that both sections are unconstitutional and invalid, and (2) an injunction enjoining Respondents from enforcing those provisions against Petitioners and similarly situated individuals. (Petition for Review, ¶¶ 44-45.) Subsections 15(a) and (b) of the Private Detective Act grant to local district attorneys the powers to both enforce the Act and investigate violations of its provisions, including violations of Subsection 13(a). 22 P.S. § 15(a), (b). Section 17 of the Act further provides that violations of any of the Act's provisions are to be prosecuted by the district attorney of the county where the violation occurred. 22 P.S. § 27. The Commonwealth, although generally represented by local district attorneys in the criminal context, does not have any direct interest in this action and does not administer, enforce, or prosecute violations of the Private Detective Act. The relief requested by Petitioners therefore cannot be afforded against the Commonwealth, and it is not an indispensable party. We accordingly sustain the Commonwealth's preliminary objections and dismiss it from the case.

Given the Commonwealth's dismissal, we must address whether this Court continues to have subject matter jurisdiction over Petitioners' claims.[9] As we already have determined, the Commonwealth has no direct interest in this litigation, and the relief sought by Petitioners cannot be afforded against it. It therefore is neither an indispensable nor proper party to this action. Although this Court may, in certain circumstances, exercise ancillary jurisdiction over claims against local agencies and their officers, such claims must be "related to a claim or other matter *otherwise within* [*our*] *exclusive original jurisdiction*." 42 Pa.C.S. § 761(c) (emphasis added). Without any remaining Commonwealth parties, we do not have original jurisdiction over any of Petitioners' claims. *See Stedman*, 221 A.3d at 756 ("[F]or this Court to have original jurisdiction over a suit against the Commonwealth and another, non-Commonwealth party, the Commonwealth or one of its officers must be an indispensable party to the action") (citation omitted). Resultingly, we may not exercise ancillary jurisdiction over Petitioners' claims against DA Krasner and need not address his preliminary objections to the Petition for Review. *Id.* at 760.

In these circumstances, we will not dismiss the action but, rather, transfer it to the proper court pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. § 5103(a). Section 5103(a) provides, in pertinent part:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the

---

[9] Although neither Respondent raises this question, our subject matter jurisdiction is an unwaivable issue that we may raise *sua sponte*. *Church of Lord Jesus Christ of Apostolic Faith, Inc. v. Shelton*, 740 A.2d 751, 755-56 (Pa. Cmwlth. 1999).

> date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. . . .

42 Pa. C.S. § 5103(a). *See also* Pa.R.A.P. 751(a). Because Petitioners have sued DA Krasner, we will transfer the matter to the Court of Common Pleas of Philadelphia County, which shall treat the Petition for Review as a complaint filed in its original jurisdiction and, upon receipt of the record, rule upon DA Krasner's preliminary objections. Pa.R.A.P. 751(a). *See also Stedman*, 221 A.3d at 760-61.[10]

## III. CONCLUSION

Based on the foregoing, we sustain the Commonwealth's preliminary objections and dismiss it from this action. Because no Commonwealth parties remain, we are without ancillary jurisdiction to consider DA Krasner's preliminary objections and accordingly transfer this case to the Court of Common Pleas of Philadelphia County for further proceedings.

_____
PATRICIA A. McCULLOUGH, Judge

---

[10] We hasten to emphasize that our transfer of this action to the Court of Common Pleas of Philadelphia County is based solely on DA Krasner's current participation in the case and in no way expresses any opinion with regard to whether that court ultimately is the proper tribunal for the disposition of Petitioners' claims.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamar Patterson and Abron Ash,     :
              Petitioners        :
                             :
       v.                    :    No.  284 M.D. 2023
                             :
The Commonwealth of Pennsylvania  :
and Larry Krasner, in his official     :
capacity as the District Attorney of   :
Philadelphia,                   :
              Respondents     :

## *ORDER*

AND NOW, this 15th day of November, 2024, it is ORDERED that the preliminary objections filed by The Commonwealth of Pennsylvania are SUSTAINED, and the Commonwealth is hereby dismissed from this action. It further is ORDERED that the Petition for Review of Petitioners Jamar Patterson and Abron Ash is transferred to the Court of Common Pleas of Philadelphia County (Common Pleas) due to this Court's lack of original jurisdiction.

The Commonwealth Court prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' prothonotary, together with a copy of this memorandum opinion and order. Subsequent to transfer, the assigned Common Pleas judge shall rule upon the preliminary objections of Larry Krasner, in his official capacity as the District Attorney of Philadelphia.

 

                                     _____
                                     PATRICIA A. McCULLOUGH, Judge